UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH THOMAS, JR.,

    Plaintiff,

v.

CORRECTIONS OFFICER HOPF,

    Defendant.

Case No. C19-1766-JCC-MLP

ORDER ON MOTIONS FOR
EXTENSION OF TIME AND TO
PROCEED *IN FORMA PAUPERIS*

## I. INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are (1) Plaintiff's motion for extension of time (dkt. # 28), which Defendant opposes (dkt. # 29), and Plaintiff's motion to proceed *in forma pauperis* ("IFP") (dkt. 30). As discussed below, the motion for extension of time is GRANTED in part and DENIED in part, and the motion to proceed IFP is DENIED as moot.

## II. DISCUSSION

**A. Motion for Extension of Time**

On April 16, 2019, Defendant filed a motion for summary judgment alleging Plaintiff failed to exhaust his administrative remedies (dkt. # 19) and a motion to stay discovery pending

resolution of the motion for summary judgment (dkt. # 23). The motion to stay discovery was noted for May 1, 2020, and the motion for summary judgment was noted for May 8, 2020.

On April 27, 2020, Plaintiff signed a motion seeking a 60-day extension of time to respond to both of Defendant's motions. (Dkt. # 28.) Plaintiff requests additional time because he has had limited access to the law library due to restrictions imposed by the COVID-19 pandemic. (*See id.*) On May 8, 2020, prior to receiving Plaintiff's motion for extension of time, the Court granted Defendant's motion to stay discovery. (Dkt. # 27.) On May 14, 2020, the Court received and filed Plaintiff's motion.

Plaintiff's motion for extension of time to respond to Defendant's motion to stay discovery is moot because the Court has already ruled on Defendant's motion. To the extent Plaintiff believes discovery is needed to respond to the pending motion for summary judgment, he may file a motion pursuant to Federal Rule of Civil Procedure 56(d).[1]

---

[1] Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . (2) allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d)(2). As the Ninth Circuit has explained:

> Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). A party seeking additional discovery under Rule 56(d) must "explain what further discovery would reveal that is 'essential to justify [its] opposition' to the motion[ ] for summary judgment." *Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980) (first alteration in original).
>
> This showing cannot, of course, predict with accuracy precisely what further discovery will reveal; the whole point of discovery is to learn what a party does not know or, without further information, cannot prove. *See, e.g.*, *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1111 (9th Cir. 2007) ("[T]he purpose of discovery is to aid a party in the preparation of its case . . . ."); Fed. R. Civ. P. 26(b) advisory committee's note to 1946 amendment) ("The purpose of discovery is to allow a broad search for facts . . . or any other matters which may aid a party in the preparation or presentation of his case."). But for purposes of a Rule 56(d) request, the evidence sought must be more than "the object of pure speculation." *California v. Campbell*, 138 F.3d 772, 779-80 (9th Cir. 1998) (citation omitted). A party seeking to delay summary judgment for further discovery must state "what other specific evidence it hopes to discover [and] the relevance of that evidence to its claims." *Program Eng'g*, 634 F.2d at 1194 (emphasis added). In particular, "[t]he requesting party must show [that]: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential

1   Defendants argue that Plaintiff's motion for extension of time to respond to the summary
2   judgment motion was untimely. (Dkt. # 29.) Under the "prison mailbox rule" of *Houston v. Lack*,
3   487 U.S. 266, 276 (1988), a document may be construed as filed on the date it was submitted to
4   prison authorities for mailing. *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).
5   Plaintiff signed his motion on April 27, 2020, and it was postmarked on April 29, 2020, well
6   before his opposition was due on May 4, 2020. The Court thus deems it timely.
7   Because Plaintiff's motion was timely, the Court may grant him an extension for "good
8   cause." Fed. R. Civ. P. 6(b)(1)(A). The alleged limitations on Plaintiff's access to the law library
9   due to the COVID-19 pandemic constitute good cause. Accordingly, the Court will grant
10  Plaintiff additional time to file a response.

**B. Motion to Proceed IFP**

Plaintiff's motion to proceed IFP (dkt. # 30), is moot because the Court has already granted him IFP status (*see* dkt. # 5). Plaintiff also asks the Court to delay payment of the filing fee until he is released from prison. (Dkt. # 30 at 2.) When Plaintiff submitted his original IFP application, he signed a page recognizing that he is responsible for full payment of the $350.00 filing fee and authorizing the agency having custody of him to collect from his account and forward to the Court 20% of the preceding month's income credited to his account each time the amount in the account exceeds $10.00. (Dkt. # 1 at 3.) Plaintiff is not entitled to delay payment of the filing fee.

---

to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added).

*Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018).

ORDER ON MOTIONS FOR EXTENSION OF
TIME AND TO PROCEED IN FORMA PAUPERIS
- 3

### III.     CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff's motion for extension of time (dkt. # 28). Plaintiff shall file a response to Defendant's motion for summary judgment on or before **June 29, 2020**. Defendant may file a supplemental reply on or before **July 3, 2020**. The Clerk is directed to RE-NOTE Defendant's motion for summary judgment (dkt. # 19) for July 3, 2020.

The Court DENIES as moot Plaintiff's motion to proceed IFP and DENIES his request to delay payment of the filing fee (dkt. # 30).

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 2nd day of June, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge