UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH THOMAS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CORRECTIONS OFFICER HOPF, <br><br> Defendant. | Case No. C19-1766-JCC-MLP <br><br> REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Kenneth Thomas, Jr. ("Plaintiff"), proceeding *pro se*, filed an amended complaint alleging a violation of his Fourteenth Amendment due process rights during his pretrial incarceration at the Snohomish County Jail ("SCJ") in October 2019. (Am. Compl. (Dkt. # 10) at 4-5.) On April 16, 2020, Defendant filed a motion for summary judgment ("Defendant's Motion"), principally arguing Plaintiff failed to exhaust his administrative remedies prior to bringing this action. (Def.'s Mot. (Dkt. # 19) at 1-2.)

Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends Defendants' Motion (dkt. # 19) be GRANTED and that Plaintiff's

REPORT AND RECOMMENDATION - 1

claim be DISMISSED without prejudice. Consequently, the Court recommends that Plaintiff's motion for appointment of counsel ("Plaintiff's Motion") (dkt. # 37) be DENIED.

## II.     BACKGROUND

### A.     Procedural History

On December 6, 2019, Plaintiff submitted his original complaint to the Court for filing naming "Corrections Officer Hopf," Snohomish County Jail Medical Staff, and Snohomish County Corrections. (Compl. (Dkt. # 5).) This Court declined to serve Plaintiff's initial Complaint due to deficiencies and granted leave to amend. (Order (Dkt. # 7).) On January 6, 2020, Plaintiff submitted an amended complaint against only "Corrections Officer Hopf." (Am. Compl. (Dkt. # 10) at 1.) On January 8, 2020, this Court directed service of Plaintiff's amended complaint. (Order (Dkt. # 11).)

On March 6, 2020, Defendant answered Plaintiff's amended complaint, denying its allegations. (Answer (Dkt. # 16).) On April 16, 2020, Defendant's Motion was filed. (Def.'s Mot.) On June 2, 2020, and on August 3, 2020, this Court granted Plaintiff's motions for extensions of time to respond to Defendant's Motion, eventually allowing Plaintiff until September 14, 2020, to respond. (Order (Dkt. # 31); Order (Dkt. # 36).) On September 16, 2020, Plaintiff filed his response in conjunction with a motion to appoint counsel. (Pl.'s Mot. (Dkt. # 37)).[1] On September 18, 2020, Defendant filed his reply (Def.'s Reply (dkt. # 38)), and on September 28, 2020, Defendant filed his response to Plaintiff's Motion (Def.'s Resp. (dkt. # 40)).

---

[1] Defendant requests the Court strike Plaintiff's response as untimely because Defendant failed to file his response by September 14, 2020. (Def.'s Reply at 1.) However, because this Court recommends that Plaintiff's claim be dismissed without prejudice for failure to exhaust, the Court declines to strike Plaintiff's Motion and responsive filing.

**B.    Plaintiff's Claim**

Plaintiff argues Defendant Hopf violated his Fourteenth Amendment due process rights on October 29, 2019, when Defendant Corrections Officer Hopf placed another inmate in his cell who required the lower bunk bed despite Plaintiff needing it due to previous back and neck injuries. (Am. Compl. at 4-5.) As a result, Plaintiff alleges he had to use a stack of chairs to reach the top bunk, he subsequently fell, and as a result, reinjured his back. (*Id.* at 5.) Plaintiff additionally alleges Defendant Hopf laughed at Plaintiff after the incident, allegedly said he was "faking it" when Plaintiff asked for help getting up, and that he was refused pain medication for a couple of weeks after the incident. (*Id.*)

Defendant submitted declarations from Defendant Hopf and SCJ Classification Supervisor Kimberly Parker detailing SCJ's grievance policy. (Hopf Decl. (Dkt. # 21) at ¶ 2; Parker Decl. (Dkt. # 20) at ¶ 2.) Classification Supervisor Parker's attached a copy of the SCJ Inmate Orientation Handbook as an exhibit to her declaration. (Parker Decl., Ex. A (Dkt. # 20-2) at 2-27.) Per the SCJ Inmate Orientation Handbook, all SCJ inmates have access to a grievance procedure for grievable issues. (*Id.* at 20.) The grievance procedure outlines inmates are to initially attempt to resolve their problems with SCJ staff prior to filing a grievance. (*Id.*) The inmate must be able to demonstrate they have attempted to address their issue with SCJ staff on the submitted grievance form. (*Id.*) The grievance procedure additionally identifies an appeal process for an unfavorable grievance decision. (*Id.*)

Both Defendant Hopf and Classification Supervisor Parker's declarations state the grievance procedure for SCJ is detailed in the SCJ Inmate Orientation Handbook and that an inmate receives a copy when they are booked at SCJ. (*Id.*) Both declarations note Plaintiff is a

frequent inmate at SCJ and received a copy of the SCJ Inmate Orientation Handbook upon booking. (*Id.*)

In his declaration, Defendant Hopf states that though it is often part of his duties to collect and submit grievances on behalf of inmates at SCJ, he did not receive a grievance from Plaintiff regarding the alleged incident. (Hopf Decl. at ¶ 3.) Classification Supervisor Parker also notes, per SCJ's electronic record keeping system for grievances, Plaintiff did not file any grievances concerning the alleged incident. (Parker Decl. at ¶¶ 3-4.) Finally, Defendant submitted an additional declaration with his reply from SCJ Captain Alonzo Downing indicating that: (1) receiving a grievance form is the same as receiving a kite request form at SCJ; (2) Plaintiff was experienced, aware, and had previously utilized the kite process; (3) Plaintiff has been incarcerated at SCJ no less than ten times, and (4) Plaintiff had previously filed several other kites during his incarceration at issue, none of which attempted to grieve the alleged incident. (Downing Decl. (Dkt. # 39) at ¶¶ 2-3.)

In his Response, Plaintiff appears to acknowledge he did not file a grievance about the alleged incident. (Pl.'s Reply at 1-2.) However, Plaintiff alleges he should be excused from exhausting his administrative remedies because: (1) the SCJ Inmate Orientation Handbook fails to provide instruction on how to access SCJ's grievance procedure; and (2) each time he asked SCJ staff how to do so, he was refused an answer. (*Id.*)

### III.    LEGAL STANDARDS

#### A.    Summary Judgment

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party is

entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the Court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*. at 585-87.

  Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257. The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *see McElyea v. Babbitt*, 833 F.2d 196, 197-98 n.1 (9th Cir. 1987) (per curiam).

REPORT AND RECOMMENDATION - 5

### B. Section 1983 Claims

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of his rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act he was legally required to do that caused the deprivation complained of. *Id.* (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## IV. DISCUSSION

Based on the record before the Court, Plaintiff failed to file a grievance to administratively exhaust his alleged claim in this matter. As explained below, due to Plaintiff's failure to demonstrate he exhausted his available administrative remedies, or that administrative remedies were made effectively unavailable to him by SCJ officials, summary judgment is appropriate pursuant to the Prison Litigation Reform Act ("PLRA").

### A. Exhaustion under the Prison Litigation Reform Act

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) accord,

*Jones v. Bock,* 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA"); *Albino v. Baca*, 747 F.3d 1162, 1165 (9th Cir. 2014) (en banc). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford*, 548 U.S. at 92-95 (requiring "proper" exhaustion, meaning full compliance by a prisoner with all procedural requirements of an institution's grievance process).

Defendant bears the initial burden of showing there was an available administrative remedy and that Plaintiff did not exhaust that remedy. *Albino*, 747 F.3d at 1169, 1172. Once that showing is made, the burden shifts to Plaintiff, who must either demonstrate he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172. The Supreme Court has previously explained administrative remedies are deemed "unavailable" to an inmate: (1) where the administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is opaque and incapable of use; and (3) where administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016); *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018). Because failure to exhaust is an affirmative defense Defendant must plead and prove, the ultimate burden rests with Defendant. *Albino*, 747 F.3d at 1172.

1    Summary judgment is appropriate if the undisputed evidence, viewed in the light most
2    favorable to Plaintiff, shows a failure to exhaust. *Albino*, 747 F.3d at 1166, 1168; Fed. R. Civ. P.
3    56(a). If administrative remedies have not been exhausted at the time an action is brought, the
4    action must be dismissed without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.
5    2002) (per curiam); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled
6    on other grounds by Albino*, 747 F.3d at 1162 ("If the district court concludes that the prisoner
7    has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without
8    prejudice.").

### B.   Exhaustion of Administrative Remedies

Defendant's Motion argues Plaintiff failed to exhaust his administrative remedies, as required by the PLRA, prior to bringing this action. (Def.'s Mot. at 4-6.) Defendant argues Plaintiff failed to file any grievances relating to the incident giving rise to this litigation, even though: (1) Plaintiff received a copy of the Inmate Orientation Handbook upon booking; (2) Plaintiff had the ability to utilize the grievance procedure as he was still incarcerated at SCJ at the time he filed this lawsuit; and (3) the Prisoner Civil Rights Complaint form he completed informs Plaintiff he is required to exhaust all remedies of the confining institution's grievance system prior to filing suit. (*Id.* at 1-2.) As identified above, Plaintiff argues he should be excused from having to exhaust his administrative remedies because circumstances at SCJ rendered its administrative remedies effectively unavailable to him. (Pl.'s Reply at 1-2.)

In this case, Defendant submitted evidence demonstrating SCJ provides an administrative grievance process and Plaintiff failed to utilize it for the conduct underlying his claim. (*See* Hopf Decl. at ¶¶ 2-3; Parker Decl. at ¶¶ 2-4; Parker Decl., Ex. A at 20.) This evidence satisfies Defendant's burden of showing there was an available administrative remedy and Plaintiff failed

1    to exhaust that remedy because he did not complete the grievance process in accordance with
2    SCJ rules. *See Woodford*, 548 U.S. at 92-95.
3            It is clear from the record that Plaintiff did not file a grievance addressing his claim
4    during his incarceration at SCJ. (*See* Hopf Decl. at ¶ 3, 13; Parker Decl. at ¶ 3-4; Downing Decl.
5    at ¶¶ 2-3; Pl.'s Reply at 1-2.) Plaintiff was familiar with SCJ's administrative grievance process
6    as Plaintiff acknowledges SCJ's grievance policy in his reply and it is included in the SCJ Inmate
7    Orientation Handbook. (*See* Pl.'s Reply at 1-2.) Defendant also identifies that Plaintiff, as a
8    frequent inmate at SCJ, has received the SCJ Inmate Orientation Handbook previously and was
9    aware of how to utilize it. (*See* Hopf Decl. at ¶ 3, 13; Parker Decl. at ¶ 3-4; Downing Decl. at
10   ¶¶ 2-3.) Therefore, the record demonstrates Plaintiff failed to administratively exhaust his claim
11   under the grievance procedures authorized at SCJ, as required by the PLRA, to maintain this
12   action. *See* 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 85; *Albino*, 747 F.3d at 1165.
13           Plaintiff additionally fails to demonstrate an impediment existed making SCJ's available
14   administrative remedies for grievances effectively unavailable to him. *See Albino*, 747 F.3d at
15   1172; *Ross*, 136 S. Ct. at 1859-60. Plaintiff contends he was unable to file a grievance because
16   the SCJ Inmate Orientation Handbook does not identify how to file a grievance and SCJ staff
17   were not receptive to his questions regarding how to file a grievance. (Pl.'s Reply at 1-2.)
18   However, the SCJ Inmate Orientation Handbook details the grievance procedure and Plaintiff
19   does not dispute he was familiar with the handbook. (*See id.*; Parker Decl., Ex. A at 20.)
20   Moreover, Plaintiff's statements regarding the unavailability of SCJ's grievance policy because
21   SCJ staff refused to assist him are vague and conclusory—they lack any detail regarding specific
22   instances of an identifiable SCJ official refusing to assist him in filing a grievance concerning his
23   claim. (*See* Downing Decl. at ¶¶ 2-3.) Because Plaintiff's general allegations of being denied the

REPORT AND RECOMMENDATION - 9

ability to grieve his alleged claim fail to sufficiently demonstrate that the SCJ grievance process was effectively unavailable to him, Plaintiff's statements are insufficient to establish a genuine issue of material fact. *See Hernandez*, 343 F.3d at 1112; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (vague and conclusory allegations are not sufficient to withstand a motion for summary judgment). Accordingly, Plaintiff has failed to establish an impediment existed making SCJ's available administrative remedies effectively unavailable to him. *Albino*, 747 F.3d at 1172.

In conclusion, viewing the evidence in Plaintiff's favor, the Court concludes Defendant is entitled to summary judgment based on Plaintiff's failure to exhaust his available administrative remedies. Plaintiff's amended complaint should be dismissed without prejudice. *See McKinney*, 311 F.3d at 1199; *Wyatt*, 315 F.3d at 1120.

### V.     CONCLUSION

For the foregoing reasons, this Court recommends Defendant's Motion (dkt. # 19) be GRANTED, and that this matter be DISMISSED without prejudice. Furthermore, this Court recommends Plaintiff's Motion (dkt. # 37) be DENIED based on the Court's recommended dismissal and because the complexity of the legal issues presented in this case, and Plaintiff's ability to articulate his claims, do not constitute exceptional circumstances to justify appointment of counsel. Plaintiff is free to move for appointment of counsel, if necessary, at a later date. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days

after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 13, 2020**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughneour.

Dated this 21st day of October, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11