UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH THOMAS, JR., <br><br> Plaintiff, <br><br> v. <br><br> CORRECTIONS OFFICER HOPF, <br><br> Defendant. | Case No. C19-1766-JCC-MLP <br><br> ORDER |

This is a 42 U.S.C. § 1983 prisoner civil rights action. On January 29, 2021, the Honorable John C. Coughenour rejected this Court's previously submitted Report and Recommendation (dkt. # 41), denied Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (dkt. # 19) and recommitted this matter to the undersigned for further proceedings. (Order (Dkt. # 44) at 6.) In his Order, Judge Coughenour agreed with this Court that Plaintiff failed to exhaust his administrative remedies, but concluded Defendant failed to demonstrate the Snohomish County Jail provided an available grievance procedure to inmates. (*Id.*) Judge Coughenour did not express an opinion on whether the Court should allow for an additional round of summary judgment briefing, provide for an evidentiary hearing, or whether the Court should proceed in another fashion. (*Id.*)

ORDER - 1

Accordingly, the Court hereby ORDERS:

(1) Counsel and pro se parties are directed to confer and provide the court with a joint pretrial statement by no later than **April 2, 2021**. The joint pretrial statement shall contain the following information by corresponding paragraph numbers:

    a. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

    b. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

    c. A list of all exhibits to be offered into evidence at trial;

    d. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness;

    e. Whether the parties agree to arbitration under this district's arbitration program, and if so, whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (*see* Local Rule 39.1(d));

    f. Pursuant to 28 U.S.C. § 636(c), whether the parties' consent to having a Magistrate Judge conduct any or all remaining proceedings, including the trial, and order the entry of judgment in the case;

    g. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way;

    h. Any other suggestions for shortening or simplifying the trial in this case;

    i. The date the case will be ready for trial, considering Local Rule 16 deadlines;

ORDER - 2

1            j.       The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

           k.       Whether the trial will be by jury or non-jury;

           l.       The number of trial days required, and suggestions for shortening trial; and

           m.       The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the joint pretrial statement, they may answer in separate paragraphs. Separate statements are not to be filed. Plaintiff's counsel (or plaintiff, if he or she is proceeding *pro se*) will be responsible for initiating communications for the preparation of the joint pretrial statement;

(2)      The Clerk is directed to send copies of this Order to the parties and to Judge Coughneour.

Dated this 1st day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3