1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7
8

KENNETH THOMAS, JR.,

               Plaintiff,

    v.

CORRECTIONS OFFICER HOPF, *et al.,*

               Defendants.

Case No. C19-1766-JCC-MLP

ORDER

       This is a 42 U.S.C. § 1983 prisoner civil rights action. On January 29, 2021, the Honorable John C. Coughenour rejected this Court's previously submitted Report and Recommendation (dkt. # 41), denied Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (dkt. # 19) and recommitted this matter to the undersigned for further proceedings. (Dkt. # 44 at 6.) On February 1, 2021, this Court entered an Order directing the parties to confer and provide the Court with a joint pretrial statement by April 2, 2021. (Dkt. # 45.)

       On February 2, 2021, Defendant filed a "Motion for Relief from Order and To Lift Discovery Stay and Issue New Scheduling Order with Discovery and Dispositive Motions Deadlines" ("Defendant's Motion"). (Dkt. # 46.) Defendant's Motion requests that the Court: (1)

ORDER - 1

relieve the parties from complying with the Court's February 1, 2021 Order (dkt. # 45); (2) lift the discovery stay that has been in effect since May 11, 2020; and (3) to issue a new scheduling order setting new deadlines for discovery and dispositive motions. (*Id.* at 1.) Plaintiff's response to Defendant's Motion was due on February 16, 2021, but Plaintiff failed to submit a response. (*See* Dkt. # 47.) Defendant filed a reply asking that the Court grant the requested relief because its Motion remains unopposed by Plaintiff. (*Id.*)

Defendant first represents that, because discovery has been stayed in this matter since May 11, 2020, the parties have not conducted any discovery, and therefore, this case is not ready to proceed to trial.[1] (Dkt. # 46 at 2.) Prior to Defendant's motion for summary judgment, Plaintiff served two sets of discovery requests to Defendant seeking information related to the merits of his claim. (*See* dkt. # 23 at 1.) Consequently, Defendant filed a motion to stay discovery requesting that the Court stay discovery arguing that discovery on the merits was premature and contrary to judicial economy given Defendant's motion on summary judgment for failure to exhaust administrative remedies. (*Id.* 1-2.) On May 8, 2020, this Court entered an Order staying discovery because Defendant's previously submitted motion for summary judgment was "limited to the issue of administrative exhaustion and would dispose of the case if granted[.]" (Dkt. # 27.)

Defendant additionally notes that it reserved a right to move for summary judgment "on other grounds" should the Court deny its first motion for summary judgment for failure to exhaust administrative remedies. (*See* Dkt. # 19 at 2, n.1; Dkt. # 43 at 2, n.2.) As such, after being allowed to conduct limited discovery, Defendant requests leave to bring a second motion for summary judgment addressing the merits. (Dkt. # 46 at 2.) Defendant argues there are

---

[1] This Court's previous Order on Defendant's motion to stay discovery was entered on May 8, 2020, and therefore, discovery has actually been stayed in this matter since May 8, 2020. (*See* dkt. # 27.)

ORDER - 2

meritorious issues warranting the Court's consideration of a second summary judgment motion because Plaintiff failed to present evidence Defendant Hopf would have been responsible for providing pain medication to him and because Plaintiff has admitted he climbed to the top bunk using stacked chairs without being ordered to do so. (*Id.*)

The Ninth Circuit has previously held that district courts have discretion to entertain second motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 910 (9th Cir. 2010). "[A]llowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Id.* at 911 (quoting Fed. R. Civ. P. 1); *id.* at 912 ("Allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial."). In exercising its discretion on this question, the court may consider the following factors: "(1) an intervening change in controlling law, (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice." *Kische USA LLC v. Simsek*, 2017 WL 5881322, at *3 (W.D. Wash. November 29, 2017).

Here, the Court finds that Defendant's first summary judgment motion was not as comprehensive as it could have been and failed to address any issues outside of Plaintiff's failure to exhaust administrative remedies. (*See* dkt. # 19.) Despite Defendant's reservation of the right to move for summary judgment "on other grounds," Defendant's first motion for summary judgment should have addressed any and all arguments it intended to present to this Court in pursuing summary judgment in the first instance. Nevertheless, while the Court is reluctant to give Defendant a second bite at the apple, allowing Defendant a successive summary judgment motion here can potentially save all concerned the far greater expenses of a trial. *See Hoffman*, 593 F.3d at 912. The Court additionally finds that a second summary judgment motion is

appropriate given the expected expansion of the factual record because the parties intend to conduct discovery after the stay of discovery is lifted. *See Kische USA LLC*, 2017 WL 5881322 at *3.

Accordingly, finding good cause, the Court hereby ORDERS:

(1)       Defendant's Motion (dkt. # 46) is GRANTED. This Court's previous Order directing that the parties file a joint pretrial statement (dkt. # 45) is STRICKEN;

(2)       The stay of discovery previously entered in this matter is lifted (dkt. # 27). All discovery shall be completed by **April 5, 2021**. Service of responses to interrogatories, requests for production, and requests for admissions, and the taking of depositions, shall be completed by this date. The Federal Rules of Civil Procedure require that responses to discovery requests be served within thirty (30) days after service. *See* Fed. R. Civ. P. 30, 33(b)(2), 34(b)(2)(A), 36(a)(3). The serving party, therefore, must serve his/her discovery requests at least thirty (30) days before the deadline in order to allow the other party time to answer. Defendant's responses and objections to Plaintiff's previously served discovery requests are due **(30) thirty days** from the date of this Order;

(3)       The dispositive motions deadline in this matter is extended to **May 5, 2021**. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar. Dispositive motions shall be noted for consideration on a date no earlier than the fourth Friday following filing and service of the motion. LCR 7(d)(3).

All briefs and supporting evidence in opposition to any motion shall be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7. The party making a motion may file and serve a reply to the opposing party's brief. Any reply brief shall also be filed and served pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

Defendants are reminded that they MUST serve a Rand notice, in a separate document, concurrently with motions for summary judgment so that pro se prisoner plaintiffs will have fair, timely, and adequate notice of what is required of them in order to oppose such motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added). Defendants who fail to file and serve the required Rand notice on the Plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

1          (4)      The Clerk is directed to send copies of this Order to the parties and to Judge

2    Coughenour.

3

4          Dated this 22nd day of February, 2021.

5

6                                              MICHELLE L. PETERSON
                                               United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 6